UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CECILIA RUTLEDGE-PLUMMER,                          :
                                                   :
                              Plaintiff,           :
                                                   :          MEMORANDUM
            -against-                              :          & ORDER
                                                   :          15-CV-2468 (MKB) (SMG)
SCO FAMILY OF SERVICES,                            :
                                                   :
                              Defendant.           :
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

      Currently pending before the Court is plaintiff's motion to compel discovery, Docket

Entry 53.  I heard argument on the motion on February 10, 2017.  For the reasons stated below,

plaintiff's motion is granted in part and denied in part.

      Plaintiff filed this employment discrimination action, proceeding *pro se¸* on April 28,

2015.  Plaintiff claims that she was unlawfully discriminated against when she was terminated

based upon her age and disability.  Defendant contends that plaintiff was terminated as a result of

a restructuring that required it to eliminate several positions.

      On February 12, 2016, counsel appeared on plaintiff's behalf.  During a conference held

on March 18, 2016, I directed the parties to complete discovery by August 8, 2016.  Docket

Entry 27.  Upon joint application of the parties, Docket Entry 37, the time for completing

discovery was subsequently extended to October 7, 2016.  *See* Order dated August 2, 2016.  Two

subsequent motions to extend discovery followed, Docket Entries 38 and 42, and the date for

completing fact discovery was ultimately extended to January 20, 2017.  *See* Order dated

December 6, 2016.

Plaintiff's motion to compel concerns document demands served by plaintiff on December 9, 2016. *See* Plaintiff's Motion to Compel ("Pl.'s Motion") at 1, Docket Entry 53. Each disputed demand is addressed in turn below.

Although not explicitly discussed in plaintiff's motion, plaintiff contended at oral argument that defendant failed to respond to Request No. 53, which seeks an organization chart for defendant's information technology department covering a period of time from August 1, 2013 through December 31, 2014. Defendant did, however, produce an organization chart, dated November of 2014, identifying the personnel who report to its Chief Information Officer as well as the persons to whom its Chief Information Officer reports. *See* Docket Entry 51, at 15. It is not clear, however, whether this chart accurately reflects each individual who worked in the department during the time period requested by plaintiff. Accordingly, by March 6, 2017, defendant shall indicate to plaintiff whether the chart identifies all personnel who held the relevant positions from August 1, 2013 through December 31, 2014, and, if not, defendant shall supplement its disclosure by identifying all others who held those positions during that time period.

The second category of documents in dispute is far broader. In Request No. 51, plaintiff seeks "[a]ny and all internal communications between August 1, 2013 and the present date exchanged between any of the following," and goes on to name eight individuals. *See* Docket Entry 51 at 4. The demand, obviously intended to capture, among other things, *all* email communications between the eight persons named, is not by its terms limited to any particular subject matter. No search terms are suggested. The date range, which continues to the present day, is not limited to specific times when critical events in the litigation took place, and covers a period of more than three years.

The Federal Rules of Civil Procedure limit the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Before compelling a party to produce documents or electronically stored information, a court must determine that its likely benefit outweighs the burden and expense of its production. *Id.* Considered with these criteria in mind, it is clear that plaintiff's Request No. 51 far exceeds the scope of permissible discovery. Several years of emails sent or received by eight individuals, without regard to subject matter, seeks a substantial amount of material that has no bearing on the claims and defenses at issue in this case, and culling and producing such material would undoubtedly be quite burdensome.

At oral argument, plaintiff suggested that her intention was to seek all emails sent or received by the eight named individuals during the period from August 1, 2013 until August 4, 2014, when her employment was terminated, and which have to do with her. Even so limited, the demand exceeds the bounds of permissible discovery, as not every mention of plaintiff over a substantial period of time by eight other individuals is likely to be relevant. Moreover, given the time it would take to gather and produce such material, plaintiff's demand for such broad disclosure just as discovery is about to close is, essentially a request for yet another substantial extension of the date for completing fact discovery. Even if I were otherwise inclined to find plaintiff's motion to compel this discovery reasonable, I would deny it for this reason.

In balancing the likely benefit of the discovery plaintiff seeks against the burden and expense of its production, I have taken into account the fact that, as early as December 15, 2015, defendant searched for, and produced, relevant emails. According to representations made by defendant's counsel during oral argument, defendant searched for and produced emails from most of the custodians identified by plaintiff with respect to: (i) the decision to eliminate

plaintiff's position, (ii) plaintiff's allegation that her responsibilities changed even before the decision to eliminate her position was made, and (iii) plaintiff's requests for medical leave and her alleged disability. Plaintiff does not dispute this, and in fact made use of emails produced by defendant when questioning witnesses at depositions. Thus, denying plaintiff's motion to compel will not result in plaintiff being denied all discovery of electronically stored information, but will instead have the less severe effect of limiting the scope of the emails produced to her to those that have been determined by defendant to be relevant.

Moreover, plaintiff bears at least some responsibility for this result, and not only because she chose to serve overbroad requests for documents as the close of discovery was approaching. In its December 2015 production, defendant suggested in writing that, if plaintiff sought additional email discovery, she might propose search parameters. Plaintiff, though, never did so. Plaintiff does not dispute this, although she stresses that the production that included defendant's suggestion that she propose search terms was made while she was proceeding *pro se*. Defendant contends that the same written production was served on plaintiff's counsel when he entered the case, but plaintiff's counsel denies this. In any event, plaintiff's counsel does not explain why, as incoming counsel, he should not be held responsible for reviewing the discovery responses defendant provided before he entered the case. Nor does plaintiff's counsel explain why he waited ten months before seeking additional email discovery, or why he sought such overbroad discovery rather than proposing limited search terms designed to cull the most relevant emails.

For the reasons stated above, plaintiff's motion to compel production of emails and other internal communications is denied, with the following limited exception. During oral argument, plaintiff identified deposition excerpts where, she contended, witnesses referred to specific, relevant emails that have not been produced. One example concerns an email scheduling an

August 1, 2014 meeting described by DeShanna Outlaw ("Outlaw").  Pl.'s Motion, Ex. B,
Docket Entry 53-2, at 9.  Another concerns an email Outlaw recalled having been sent by
plaintiff requesting time off because of a medical condition.  *Id.* at 11. Outlaw made another
reference to a specific email later in her testimony.  *Id.* at 20.  Finally, an email confirming a
meeting is described in the testimony of Stephen Hamner.  *Id.* at 46.  Other than these references,
though, plaintiff did not identify any testimony involving a specific email; the other excerpts
plaintiff pointed to concerned emails more generally.  Accordingly, plaintiff's motion is granted
to the limited extent that, by March 6, 2017, defendant shall identify the emails described in the
deposition testimony of Outlaw and Hamner cited above and provide those emails to plaintiff if
it has not already done so.

The remaining document demands at issue are also overbroad.  In Request No. 52,
plaintiff seeks "all documents" pertaining to "policies, procedures, and guidelines related to
Defendant's computers, computer systems, electronic data and electronic media."  Docket Entry
51 at 6.  The demand goes on to enumerate examples of the types of documents it seeks,
including "[b]ackup tape rotation schedules," "[p]assword ,encryption and other security
protocols," and electronic media maintenance procedures for current and departed employees.
*Id.*  Request No. 54 seeks the backup tapes themselves, No. 55 seeks mirror images of hard
drives, and No. 56 seeks copies of "all relevant disks, CDs, DVDs and other removable media."
*Id.* at 8-10.  These demands are not limited in scope to material that is relevant to the parties'
claims and defenses, and the burden of producing the materials they seek would clearly outweigh
their likely benefit.  Accordingly, plaintiff's motion to compel responses to these demands is
denied.

Finally, in Request Nos. 57 and 58, plaintiff seeks documents referred to or relied upon by defendant when responding to interrogatories and those that contain information that defendant contends refutes the allegations in plaintiff's complaint. Request No. 59 seeks reports and related documents pertaining to any defense expert witnesses. Defendant contends it has properly responded to these three requests, *see* Docket Entry 55 at 6, and plaintiff has suggested no reason to doubt defendant's representation. Accordingly, this aspect of plaintiff's motion to compel denied as well.

For the reasons and to the extent stated above, plaintiff's motion to compel is granted in part and denied in part. Defendant shall produce the materials required by this Order by March 6, 2017. All remaining discovery will be completed by March 20, 2017.

SO ORDERED.

_____
       /s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
February 13, 2017

U:\#ZAK 2016-2017\Rutledge Plummer v. SCO Family of Servs. (15cv2468) (MKB) - FINAL.docx